IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THE HUNTINGTON NATIONAL BANK, | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 2:10-cv-743 |
| | ) |
| RAY ANTHONY INTERNATIONAL LLC and, | ) |
| SUNBELT CRANES, CONSTRUCTION & | ) |
| HAULING, INC. | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 7), filed by Defendant Sunbelt Cranes, Construction & Hauling, Inc. ("Sunbelt").[1] Sunbelt has filed a brief in support of its motion and Plaintiff The Huntington National Bank ("Huntington") has filed a response and brief in opposition. The motion is ripe for disposition. On September 21, 2010, Sunbelt filed an Answer to the Complaint.

Discussion

As a preliminary technical matter, the Court acknowledges that Sunbelt has filed an Answer to the Complaint and the pleadings are now closed. Thus, the Court will treat the pending Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim as one for "judgment on the pleadings" pursuant to Fed. R. Civ. P. 12(c). The substantive standard for evaluation of motions under these two subsections of Rule 12 (i.e., the *Twombly* "plausibility" test), is identical.

Sunbelt articulates two reasons for dismissal: (1) the "forum selection" clause in the

---

[1] The other Defendant, Ray Anthony International, LLC, has filed a voluntary petition for Chapter 11 bankruptcy. In accordance with 11 U.S.C. § 362 of the bankruptcy code, all further proceedings against Ray Anthony International, LLC are stayed.

parties' contract; and (2) the "abstention" doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and progeny. Neither rationale is meritorious. The Court will address Defendant's arguments seriatim.

    A.    "Forum Selection" Clause

The Term Note entered into by the parties contains the following clause:

> If there is a lawsuit, **Borrowers agree** upon **Lender's request** to **submit to the jurisdiction** of the Court of Monongalia County, West Virginia.

(Emphasis added). Sunbelt argues that the Court should dismiss this case on the basis of the above-quoted language.

There are multiple flaws with Sunbelt's position. This clause cannot be construed to be a mandatory "forum selection" clause. There is no verbiage to the effect that "all disputes arising out of this contract shall be litigated in the Court of Monongalia County, West Virginia." There is no prohibition against bringing actions in other forums. Rather, the actual text of the clause serves only to perform the much more limited function of a waiver of a jurisdictional challenge.

Moreover, the clause is one-sided. The text provides the "**Lender**" (i.e., Plaintiff Huntington) with an option to require the "**Borrowers**" (i.e., Sunbelt) to submit to the jurisdiction of the West Virginia courts. Sunbelt seeks to read the clause in reverse– but the language is not reciprocal. Sunbelt cannot require Huntington to litigate in West Virginia. In summary, the clause cited by Sunbelt does not warrant dismissal of this case.

    B.    Abstention Doctrine

Sunbelt recognizes that Huntington is seeking appointment of a federal receiver in this case. Nevertheless, Sunbelt asserts that Huntington has filed four prior actions against

Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania, in which Huntington has asserted that Defendants have defaulted on their loans. Sunbelt contends that the instant case involves substantially the same parties and substantially the same issues as the ongoing state court proceedings.[2]

Huntington, in response, points out that the "abstention" doctrine is very narrow and does not apply under the facts and circumstances of this case. Huntington further notes that: (1) the pending state court cases involved the breach of separate agreements (equipment finance lease agreements); (2) none of the state court actions have been consolidated; (3) this action involves Defendant's corporate property; and (4) this case requests the appointment of a receiver under federal law, 18 U.S.C. §§ 754 and 1692, who will have authority to administer Defendant's assets and operations across state lines.

The parties essentially agree on the factors that must be weighed by the Court in the abstention analysis: (1) whether the state court assumed *in rem* jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state or federal law will be applied; and (6) the adequacy of the state court proceedings to protect the Plaintiff's rights. No factor is dispositive, and as noted, "only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818-19.

Sunbelt has fallen far short of such a justification. The ability to appoint a federal receiver to exercise authority over corporate property located in several states is a critical and unique issue in this litigation. The pending state cases do not involve the same issue, and the

---

[2] Under this theory, as the Court understands it, Sunbelt asks that this case be consolidated with the actions currently pending in the Pennsylvania courts, as opposed to the transfer to the West Virginia courts which Sunbelt advocated in its "forum selection" argument.

3

state court would not be adequate to protect Huntington's rights to this relief. As Huntington aptly points out, Sunbelt's "inconvenience" argument rings particularly hollow. Sunbelt is apparently located only blocks away from this federal courthouse – yet has taken the position in the pending motion that this case should be transferred to *West Virginia*, a much more inconvenient location. In summary, Sunbelt has not convinced the Court that it should decline to exercise diversity jurisdiction over this case.

In accordance with the foregoing, the MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 7), filed by Defendant Sunbelt Cranes, Construction & Hauling, Inc. is **DENIED**.

SO ORDERED this 27th day of September, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: John B. Joyce, Esquire
Email: jjoyce@grenenbirsic.com

Robert O. Lampl, Esquire
Email: rol@lampllaw.com